**ORIGINAL**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
——————————————————X

VINCENT GABRIELE (father), on behalf of
LUCAS GABRIELE (son) and
CLAIRE GABRIELE (daughter),

            03 Civ. 9769 (WCC)

    Plaintiff

  -against-                      ORDER

WILLIAM B. HEEBINK, Ph.D., Superintendent
of Schools, and CLARKSTOWN CENTRAL
SCHOOL DISTRICT
            Defendants.
——————————————————X

**CHARLES L. BRIEANT**    D.J.

      Plaintiff Vincent Gabriele brings this *pro se* action on behalf of his son Lucas Gabriele and daughter Claire Gabriele against defendants William B. Heebink, Superintendent of Schools, and the Clarkstown Central School District. Plaintiff claims that defendants violated N.Y. PUB. HEALTH LAW § 2164(9) and the First and Fourteenth Amendments of the United States Constitution by refusing to permit his non-vaccinated children to attend Link Elementary School, a school in the Clarkstown Central School District because plaintiff holds sincere religious beliefs against the practice of vaccination. (Complt. ¶¶ 3-6.) Plaintiff also has requested, via an Order to Show cause, a preliminary injunction and temporary restraining order enjoining defendants from "barring Lucas Gabriele and Claire Gabriele from attending regular public school, and all other school activities and field trips at Link Elementary School within Clarkstown Central School District."

      We do not reach the merits of plaintiff's request. Although "[a] litigant in federal court has a right to act as his or her own counsel," it is well established that "a non-attorney parent must be

COPIES MAILED TO ~~COUNSEL OF RECORD~~ parties 12/12/03

represented by counsel in bringing an action on behalf of his or her child." *Cheung v. Youth Orchestra Foundation of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) (declining to consider threshold issue of subject matter jurisdiction until *pro se* parent retained counsel in action brought on child's behalf). Indeed, "it is not in the interests of minors . . . that they be represented by non-attorneys. Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected." *Id.*; *see also, e.g., Fauconier v. Comm. on Special Ed.*, No. 02 Civ. 1050, 2003 WL 21345549, at *1 (S.D.N.Y. June 10, 2003).

Plaintiff's request for a temporary restraining order and preliminary injunction is denied without prejudice. The action is transferred to the suspense docket of the Court pending the filing of a Notice of Appearance by an attorney representing plaintiff.

SO ORDERED.

Dated: White Plains, NY
       December 11, 2003

_____
United States District Judge

2