UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VINCENT GABRIELE, on behalf of Lucas Gabriele and Claire Gabriele, (his son and daughter); LUCAS GABRIELE, individually; and CLAIRE GABRIELE, individually, <br><br> Plaintiffs, <br><br> -v- <br><br> WILLIAM B. HEEBINK, Individually and in his official capacity as Superintendent of Clarkstown Central School District, and CLARKSTOWN CENTRAL SCHOOL DISTRICT, <br><br> Defendants. | DOCKET NO. 8:03-CV-09769 (WCC) *Not ECF* <br><br> CIVIL ACTION <br><br> **FIRST AMENDED COMPLAINT** <br><br> (Jury Trial Demanded) |



Plaintiffs Vincent Gabriele, Lucas Gabriele and Claire Gabriele, complaining of the defendants, William Heebink and Clarkstown Central School District, allege as follows:

**PRELIMINARY STATEMENT**

1. This is a civil rights action in which the plaintiffs, Vincent Gabriele, Lucas Gabriele and Claire Gabriele seek relief for the defendants' violation of their rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and of rights secured by the First and Fourteenth Amendments to the Constitution of the United States, and of rights secured under the statutes, common law and Constitution of the State of New York.

2. The plaintiffs seek damages, both compensatory and punitive, affirmative and equitable relief, injunctive relief, an award of costs, interest and attorney's fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

3. This action is brought pursuant to 42 U.S.C. §1983 and the First and Fourteenth Amendments to the Constitution of the United States. Jurisdiction is conferred upon this Court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiffs' constitutional and civil rights.

4. Plaintiffs' claim for declaratory and injunctive relief is authorized by 28 U.S.C. §2201 and Rule 57 of the Federal Rules of Civil Procedure.

5. The plaintiffs further invoke this Court's pendent jurisdiction, pursuant to 28 U.S.C. §1367(a), over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

6. The plaintiffs demand a trial by jury on each and every one of their claims as pleaded herein.

## VENUE

7. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (b)(1), (2) and (3).

## PARTIES

8. Plaintiff VINCENT GABRIELE (hereinafter "Gabriele") is a citizen and resident of the United States, and was at all times relevant herein a resident of New City, County of Rockland, State of New York, of full age and the father and legal custodian of plaintiffs LUCAS GABRIELE and CLAIRE GABRIELE.

9. Plaintiff LUCAS GABRIELE (hereinafter "Lucas") is a citizen and resident of the United States, and was at all times relevant herein a resident of New City, County of Rockland, State of New York, and the minor child of plaintiff Vincent Gabriele.

10. Plaintiff CLAIRE GABRIELE (hereinafter "Claire') is a citizen and resident of the United States, and was at all times relevant herein a resident of New City, County of Rockland, State of New York, and the minor child of plaintiff Vincent Gabriele.

11. Upon information and belief, defendant WILLIAM B. HEEBINK (hereinafter "Heebink") resides within the State of New York and was at all times relevant hereto, the Superintendent of Schools of the Clarkstown (N.Y.) Central School District.

12. Upon information and belief, the defendant Clarkstown Central School District (hereinafter the "CCSD") is a governmental entity charged with the obligation of providing public education to children residing within its confines. The CCSD is located in a largely residential middle to upper class community in Rockland County, New York, approximately 25 miles northwest of New York City. Upon information and belief, the CCSD has a total population in excess of 70,000 residents and covers an area of approximately 31 square miles encompassing New City, West Nyack, Bardonia, Congers and parts of Nanuet and Nyack. Approximately 9,600 pupils are enrolled in the CCSD's schools.

13. Plaintiffs reside within the CCSD and are entitled to the benefits of a free, public education from the CCSD.

## FIRST CAUSE OF ACTION

14. Plaintiffs incorporate paragraphs 1 through 13 as if set forth in full herein.

15. New York's Public Health Law §2164, requires that all students attending schools within the state be immunized for certain contagious diseases, specifically poliomyelitis, mumps,

measles, diphtheria, Haemophilus influenzae type b (Hib), rubella, varicella and hepatitis B. Any child not in compliance with these requirements may not attend school. The law contains provisions exempting certain students from the requirements immunization, including those "whose parent, parents, or guardian hold genuine and sincere religious beliefs which are contrary to the practices . . . required [by §2164]" and the commissioner of education "may adopt and amend rules and regulations to effectuate the provisions and purposes of . . . section [2164]."

16.   Prior to the summer of 2003, plaintiffs resided in the Ossining School District (in 1995-2001) and the Mamaroneck School District (in 2001-2003). While residing within those districts, plaintiff Gabriele notified the responsible authorities in the districts that plaintiffs Lucas and Claire had not received the immunizations required by §2164, because Gabriele held a genuine and sincere religious belief which was contrary to the practice of immunization required by §2164.

17.   After notifying the Ossining and Mamaroneck districts of Gabriele's religious beliefs, Lucas and Claire were permitted to continue attending classes within those districts.

18.   In or about the summer of 2003, plaintiffs moved to a new residence within the CCSD.

19.   On or about July 18, 2003, Gabriele registered Lucas and Claire to attend classes within the CCSD. In or about August or September 2003, Gabriele notified Heebin, and the CCSD that he held a sincere and genuine religious belief which was contrary to the practice of immunization required by §2164 (hereinafter sometimes referred to as the "religious exemption claim").

20.   Thereafter, in or about September, October and November 2003, Gabriele and his former wife (the mother of Lucas and Claire), provided various documents in support of the religious exemption claim to Heebink and the CCSD.

21. In or about October 23, 2003, Gabriele answered a questionnaire at the request of the Heebink and the CCSD, in connection with the religious exemption claim.

22. On or about November 7, 2003, Heebink conducted a proceeding on behalf of the CCSD at which questions were asked of Gabriele regarding his religious and other beliefs and attitudes concerning immunization and other issues relating to health and health care practices.

23. On or about November 21, 2003, Heebink, acting on behalf of the CCSD, wrote a letter to Gabriele in which he set forth his opinion that Gabriele did not hold a genuine and sincere religious belief which was contrary to the practice of immunization required by §2164 (hereinafter the "Decision").

24. As a result of Heebink's and the CCSD's Decision, Lucas and Claire were forbidden to attend school within the CCSD.

25. At all times relevant to this action, Gabriele held a sincere and genuine religious belief which was contrary to the practice of immunization required by §2164 and which qualified his children, Lucas and Claire to exemption from the requirements of §2164.

26. The Decision rendered by Heebink and the CCSD was arbitrary, capricious and without basis in fact or in law.

27. Upon information and belief, the Decision relied in substantial part upon Heebink's and the CCSD's determination that Gabriele held religious beliefs that differentiated between one system of the human body – the immunological system – and other bodily systems.

28. Upon information and belief, the Decision relied in substantial part upon Heebink's and the CCSD's determination that Gabriele's religious beliefs found the immunological system of the human body divine, "but that, apparently, no other bodily system achieved that exalted status."

29. Upon information and belief Heebink and the CCSD rejected Gabriele's religious exemption claim, at least in part, upon a determination that no valid, genuine and sincere religious belief could hold one or more bodily systems divine while holding other bodily systems to be less than divine.

30. The Decision unlawfully discriminated against Gabriele, Lucas and Claire based upon the religious belief that Heebink and the CCSD perceived that Gabriele held.

31. Upon information and belief, the Decision rendered by Heebink and the CCSD unlawfully favored those holding a religious belief in the divinity of all systems of the human body over those whom the defendants perceived to believe in the divinity of one system of the human body.

32. Upon information and belief, the Decision rendered by Heebink and the CCSD unlawfully discriminated against those perceived to believe in the divinity of one system of the human body in favor of those whose religious belief held that the entire human body was divine.

33. Upon information and belief, the Decision rendered by Heebink and the CCSD unlawfully established a benefit available to the holders of one religious belief that was not held by holders of another religious belief.

34. The actions of the defendants violate the rights of the plaintiffs secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, the First and Fourteenth Amendments to the Constitution of the United States, and the statutes, common law and Constitution of the State of New York.

35. As a result of the foregoing actions of Heebink and the CCSD, plaintiffs Gabriele, Lucas and Claire have been subjected to emotional injury; mental pain and suffering; mental anguish; humiliation; embarrassment; and economic loss.

WHEREFORE, the plaintiffs demand the following relief jointly and severally against all of the defendants:

    a.    Injunctive relief;

    b.    Compensatory damages;

    c.    Punitive damages;

    d.    The convening and empaneling of a jury to consider the merits of the claims herein;

    e.    Costs and interest and attorney's fees;

    f.    Such other and further relief as this court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interests of justice.

## SECOND CAUSE OF ACTION

36.    Plaintiff incorporates paragraphs 1 through 35 as if set forth in full herein.

37.    Upon information and belief, pursuant to New York's statutory scheme regarding mandatory vaccination of students within the State, the Commissioner of Education is authorized to make determinations regarding the genuineness and sincerity of the religious belief of any parent seeking exemption from the vaccination requirement for a child.

38.    Upon information and belief, the Commissioner of Education has delegated the responsibility of making such determinations to the individual school districts and their respective superintendents.

39.    Upon information and belief, prior to moving to the defendant CCSD, the sincerity and genuineness of plaintiff Gabrielle's religious belief in opposition to vaccination of his children was accepted by two other school district superintendents in their respective capacities as *de facto* designees of the Commissioner of Education.

40. Upon information and belief, Heebink and the CCSD had parallel authority with the Ossining and Mamaroneck school districts and their superintendents as designees of the Commissioner of Education for the purpose of making determinations concerning the sincerity of Gabriele's religious beliefs regarding immunization.

41. Upon information and belief, the CCSD and Heebink did not have the authority to overrule the decisions of the Ossining and Mamaroneck school districts and their respective superintendents acting as the designees of the Commissioner of Education.

42. Upon information and belief, the CCSD and Heebink should have relied upon the prior determination of the Ossining and Mamaroneck Districts and not compelled Gabriele to undergo any additional inquiry into his religious beliefs.

43. Upon information and belief, the CCSD and Heebink were bound by the prior determination of the Ossining and Mamaroneck Districts regarding the sincerity and genuineness of Gabriele's religious beliefs and they should not have compelled Gabriele to undergo any additional inquiry into those beliefs

44. Upon information and belief, Heebink and the CCSD usurped the authority of the Commissioner of Education in effectively overruling the determinations of the Ossining and Mamaroneck school districts and their respective superintendents.

45. The action of the defendants CCSD and Heebink in requiring Gabriele to undergo repeated inquiry into his religious beliefs, placed an impermissible burden upon both his right to exercise his religion and his right to travel.

46. The actions of the defendants violate the rights of the plaintiffs secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, the First and Fourteenth Amendments to the

Constitution of the United States, and the statutes, common law and Constitution of the State of New York.

47.     As a result of the foregoing actions of Heebink and the CCSD, plaintiffs Gabriele, Lucas and Claire have been subjected to emotional injury; mental pain and suffering; mental anguish; humiliation; embarrassment; and economic loss.

WHEREFORE, the plaintiffs demand the following relief jointly and severally against all of the defendants:

    a.   Injunctive relief;

    b.   Compensatory damages;

    c.   Punitive damages;

    d.   The convening and empaneling of a jury to consider the merits of the claims herein;

    e.   Costs and interest and attorney's fees;

    f.   Such other and further relief as this court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interests of justice.

### THIRD CAUSE OF ACTION

48.     Plaintiff incorporates paragraphs 1 through 47 as if set forth in full herein.

49.     Upon information and belief, infection rates for certain of the communicable diseases, against which New York's statutory scheme regarding immunization is designed to protect, have dropped dramatically since the inception of the immunization programs.

50.     With the exception of tetanus, the vaccine-preventable infectious diseases are contagious. Therefore, with the exception of tetanus, immunization by members of the community

against vaccine-preventable diseases affords protection to those members of the community who have not been vaccinated.

51. Upon information and belief, incidences of most vaccine-preventable diseases are down approximately 99 percent from peak pre-vaccine levels.

52. Upon information and belief, at least one of the vaccine-preventable diseases – polio (poliomyelitis) – has been eliminated as a public health problem in the United States. Paralytic polio caused by wild polio viruses in the U.S. and the entire Western hemisphere has been eliminated. There have been no cases of polio caused by wild polio virus in the Western Hemisphere since 1991 and it is expected that the global eradication of polio may be certified by 2005.

53. Upon information and belief, all contemporary cases of polio in the United States are linked to polio vaccine.

54. Upon information and belief, measles is no longer endemic in the United States. All cases now seen in the United States were either documented or believed to have been brought in from other countries.

55. Upon information and belief, in 2002, there were 37 confirmed cases of measles provisionally reported in the United States, compared to 312 in 1993, the year the vaccine was licensed, and 2,237 in 1992, the year before its licensure.

56. Upon information and belief, the number of cases in the Western Hemisphere has been reduced by more than 99 percent from approximately 250,000 cases in 1990 to 2,572 cases in 2002 (provisional data). Measles importations into the United States from Latin America have dropped from 230 imported cases in 1990 to zero in 2002 (provisional data).

57. Upon information and belief, 57,600 of rubella were reported in 1969, the year the vaccine was introduced. By contrast, in 2002, only 12 cases were reported in the United States.

58. Upon information and belief, given the high vaccination rates in the United States, and the exceedingly low infection rates, an unvaccinated individual has virtually no likelihood of either infecting a third party or contracting the disease from another unvaccinated individual.

59. Upon information and belief, based upon the foregoing data concerning high vaccination rates and negligible infection rates, there no longer appears to be a compelling state interest in mandating the vaccination of persons who might have a religious objection to vaccination.

60. As a result of the foregoing, the CCSD has violated defendants' right to freely exercise their religious beliefs.

61. The actions of the defendants violate the rights of the plaintiffs secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, the First and Fourteenth Amendments to the Constitution of the United States, and the statutes, common law and Constitution of the State of New York.

62. As a result of the foregoing actions of Heebink and the CCSD, plaintiffs Gabriele, Lucas and Claire have been subjected to emotional injury; mental pain and suffering; mental anguish; humiliation; embarrassment; and economic loss.

WHEREFORE, the plaintiffs demand the following relief jointly and severally against all of the defendants:

        a. Injunctive relief;

        b. Compensatory damages;

        c. Punitive damages;

        d. The convening and empaneling of a jury to consider the merits of the claims herein;

        e. Costs and interest and attorney's fees;

  f. Such other and further relief as this court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interests of justice.

Dated: New York, New York
   April 13, 2004

                 _____
                 Merrill Rubin (MR4943)
                 Rubin & Deloatch, LLC
                 85 Eldridge Street
                 New York, NY 10002
                 212-219-8105